UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| METODIJA KRSTEVSKI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 2:14-CV-179-TLS-JEM |
| | ) | |
| NATIONAL ATTORNEY'S TITLE | ) | |
| ASSURANCE FUND, INC., *et al.*, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Proceedings as to Defendant National Attorney's Title Assurance Fund, Inc. [DE 77], filed by Defendant National Attorney's Title Assurance Fund, Inc. (NATAF) on September 3, 2015. NATAF requests that the Court stay the instant proceedings against it pursuant to a Final Order of Liquidation and Declaration of Insolvency issued by the Marion County Circuit Court. Defendant NASA Leasing, Inc. (NASA) filed its response on September 11, 2015, and Plaintiff Metodija Krstevksi filed his response on September 14, 2015. NATAF filed its reply on September 18, 2015. The remaining parties have not responded to NATAF's motion to stay, and the time to do so has passed.

**I.    Background**

This case stems from Krestvski's purchase and contested ownership of a home in Lake County, Indiana. Krstevski filed the instant action to quiet title and collect damages and/or specific performance from multiple defendants on April 17, 2014, in Lake County Circuit Court. The case was removed to the Northern District of Indiana by Defendant Department of Housing and Urban Development (HUD) pursuant to 28 U.S.C. § 1442(a)(1). This Court has original jurisdiction over

HUD pursuant to 28 U.S.C. § 1346(a)(2) and supplemental jurisdiction over all other defendants, including NATAF, pursuant to 28 U.S.C. § 1367(a). *See, e.g., City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 164 (1997); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In June 2013, NATAF was placed into legal receivership under the authority of the Indiana Department of Insurance. On August 20, 2015, the Marion County Circuit Court entered a Final Order of Liquidation and Declaration of Insolvency finding NATAF insolvent and appointing a Liquidator. The Order provides, in relevant part, that "[e]ntry of a liquidation order will halt litigation under Ind. Code § 27-9-3-12, and bring adjudication of all existing claims within this receivership proceeding."

NATAF now moves the Court to stay this case against NATAF pending resolution of the Indiana Liquidation proceeding. Krstevski and NASA oppose NATAF's request. They argue that they were not provided sufficient notice and a hearing by the Liquidation Court and that NATAF waived its right to stay the instant case against it by not objecting to removal at the earliest opportunity.

**II.     Analysis**

As described above, this Court has supplemental jurisdiction over Krestvski's and NASA's claims against NATAF under 28 U.S.C. § 1367(a). Therefore, this Court must apply Indiana Law. *West v. LTV Steel Co.*, 839 F. Supp. 559, 562 (N.D. Ind. 1993); *see also Gibbs*, 383 U.S. at 726; *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Indiana law, when an order is entered appointing a liquidator of a domestic or alien insurer domiciled Indiana, any "action at law or equity may not be brought against the insurer or liquidator, whether in Indiana or elsewhere, nor shall any

2

existing actions be maintained or further presented after issuance of an order." Ind. Code § 27-9-3-12 (2015).

Under the terms of the Order of Liquidation and Declaration of Insolvency, the Commissioner of the Indiana Department of Insurance found NATAF insolvent and directed the adjudication of all existing claims be brought within the Indiana receivership proceeding. NATAF did not object to removal of this case and this Court's exercise of supplemental jurisdiction; however, NATAF's failure to object to removal of this case cannot stop the Indiana receivership process. By its terms, the Indiana statute applied by the Marion County Circuit Court precludes litigation of *any* existing claim, whether in Indiana or elsewhere, brought against a party proceeding through Indiana receivership. *See,* Ind. Code § 27-9-3-12 (2015).

Moreover, as a practical matter, if this Court accepted Krstevski's and NASA's waiver argument, any party that did not object to federal jurisdiction would forego access to state liquidation proceedings, even before the party was able to petition for liquidation. The Indiana statue does not distinguish between when a party first commences a cause of action in another court and the start of the liquidation process, and this Court will not impose a sequencing requirement the Indiana General Assembly declined to add.

Granting NATAF's motion to stay aligns with the practice in this Circuit. In *Thacher v. H.C. Baldwin Agency, Inc.*, 283 F.2d 857 (7th Cir. 1960), the Superintendent of Insurance of the State of New York, as a statutory liquidator, brought a claim against an Indiana agency to recover premiums and other sums on behalf of an insolvent insurer. The Seventh Circuit Court of Appeals upheld a New York injunction barring the assertion of counterclaims against the liquidator for breach of contract in any forum other than in the liquidation proceedings in New York. *Id.* at 861. *See also Janak v. Allstate Ins. Co.*, 319 F. Supp. 215 (W.D. Wis. 1970) (holding that a Wisconsin state court

must give full faith and credit to an injunction entered by an Illinois court and restraining all persons from interfering with the liquidator). Likewise, in *Blackhawk Heating & Plumbing Co. v. Geeslin,* 530 F.2d 154 (7th Cir. 1976), the Seventh Circuit Court of Appeals reversed the district court's determination that it retained ancillary jurisdiction over property proceeding through liquidation in Illinois, reasoning that "states have a paramount interest in seeing that liquidation proceedings conducted by court-appointed liquidators and overseen by their courts are free from the interference of outside agencies. This interest is of even greater importance when the company undergoing liquidation is a domestic insurance company or other financial institution." *Id.* at 159. Similarly, in this case, Indiana has a special interest in overseeing the liquidation of NATAF, an insurer domiciled in Indiana, without external inference.

NATAF filed its motion to stay the proceedings against NATAF in this Court fourteen days after the Liquidation Order was entered. Although Krstevski and NASA argue generally that the Liquidation Order was entered with affording them proper notice, neither argue how the notice was insufficient or defective, nor do they argue that they were entitled to a hearing before the Liquidation Order was entered. The terms of the Liquidation Order provide until May 1, 2017, for any claimant to file a claim against NATAF in the Indiana Liquidation proceeding. Should Krstevski and NASA find that the Liquidation process provides insufficient notice and opportunity to be heard, they may challenge that at a later time before the appropriate forum.

## III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Stay Proceedings as to Defendant National Attorney's Title Assurance Fund, Inc. [DE 77]. The Court **ORDERS** that all proceedings in this matter are **STAYED solely as to** Defendant National Attorney's Title Assurance Fund, Inc. This case **REMAINS ACTIVE** and is not stayed against

4

the remaining parties. The Court hereby **DENIES as moot** Defendant's Motion for Extension of Time to Answer or Otherwise Plead Pending the Outcome of the Motion to Stay Proceedings [DE 85].

So ORDERED this 9th day of October, 2015.

                                           s/ John E. Martin
                                           MAGISTRATE JUDGE JOHN E. MARTIN
                                           UNITED STATES DISTRICT COURT