# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| METODIJA KRSTEVSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-179-TLS |
| | ) | |
| NATIONAL ATTORNEYS' TITLE | ) | |
| ASSURANCE FUND, INC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant NASA Leasing's Motion for Summary Judgment [ECF No. 100], which was filed on April 22, 2016. On June 27, 2016, the Plaintiff filed his Response to Defendant NASA Leasing's Motion for Summary Judgment [ECF No. 109]. Defendant NASA Leasing entered its Reply [ECF No. 110] on July 7, 2016. The Court received the Final Report of Mediation [ECF No. 117] on September 1, 2016, which stated that the parties failed to reach an agreement. This matter is now ripe for the Court's review.

## FACTS OF THE CASE

This case involves two adjacent parcels of land in Crown Point, Indiana. The following facts are not in dispute. On November 24, 2009, Defendant NASA Leasing purchased a Tax Lien for the following land parcel:

> Key Number: 45-16-05-406-004.000-042
> Brief Legal Description: Railroad Add. S.22 Ft. of L.2 Bl. 38
> Commonly known as: 806 N. Grant, Crown Point, Indiana

(Pl.'s Resp. Ex. C, ECF No. 109-5.) Defendant NASA Leasing purchased 806 N. Grant at a Lake County Commissioner's tax sale, which was assessed solely as land without any improvements.

(Def.'s Reply 6, ECF No. 110; Pl.'s Resp. Ex. D, ECF No. 109-6.) On February 2, 2010, the Plaintiff closed his purchase for the following land parcel:

> Key Number: 45-16-05-406-005.000-042
> Brief Legal Description: Railroad Add. N.22 Ft. of L.2 Bl. 38
> Commonly known as: 804 N. Grant, Crown Point, Indiana

(Pl.'s Resp. Ex. B, ECF No. 109-4; *Id.* Ex. E., ECF No. 109-7.) The Plaintiff received a Special Warranty Deed from the Secretary of Housing and Urban Development ("HUD") for 804 N. Grant. (Pl.'s Resp. Ex. B; *Id.* Ex. E.) In addition to land, the Deed included the home located on 804 N. Grant, which Lake County assessed as an improvement on 804 N. Grant. (Pl.'s Resp. Ex. G, ECF No. 109-9.)

Defendant NASA Leasing published a notice on May 4, 2010, which stated that it was filing an application for deed and a date of hearing. (Def.'s Reply Ex. C.) The notice enumerated the identifying information above—Key Number, Brief Legal Description, and Common Address. (*Id.*) Notice was provided both by publication and certified mail, addressed to the Secretary of HUD in Chicago. (*Id.*; Pl.'s Resp. Ex J, ECF No. 109-12.) On July 15, 2010, Defendant NASA Leasing submitted an Entry of Order to Issue Tax Deed for 806 N. Grant. (Def.'s Reply Ex. D.) Defendant NASA Leasing received its Tax Deed on September 2, 2010, which was duly recorded in the Lake County, Indiana, Office of the Recorder on October 25, 2010. (Def.'s Mot. Summ. J. Ex. A, ECF No. 100.)

By mid-February 2011, Defendant NASA Leasing and the Plaintiff were disputing their respective ownership rights in the adjacent parcels. (Def.'s Reply Ex. F.) Defendant NASA Leasing claimed a one-half interest in the Plaintiff's home, arguing that the home was partly located on 806 N. Grant. The Plaintiff argued that Defendant NASA Leasing had no interest in the Plaintiff's home. On April 17, 2014, the Plaintiff filed his initial Complaint [ECF No. 2],

2

which was subsequently removed to federal court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [ECF No. 1]. In the Second Amended Complaint [ECF No. 82], the Plaintiff asserts claims against Defendant NASA Leasing, as well as Defendants National Attorneys' Title Assurance Fund, Inc. ("NATAF"), McColly Real Estate, Inc., the Secretary of HUD, County of Lake, Indiana, Becky Steininger, and Stephen W. Robertson. Defendant NASA Leasing filed its Answer and Counterclaim [ECF No. 90] on October 8, 2015. The Plaintiff seeks to set aside the "Tax Deed issued to Defendant NASA Leasing, Quiet Title judgment against them, declare the tax sale title to one-half of the home be declared null and void, and fee-simple title and interest to 804 N. Grant St. home be quieted as against any and all claims of the Defendant and past tax sales." (Second Amend. Compl. ¶ 15, ECF No. 82.) Only those claims asserted against Defendant NASA Leasing are pertinent to this Motion for Summary Judgment.

**STANDARD OF REVIEW**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the nonmoving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in that party's favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court should only deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe.

[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Material facts are those that are outcome determinative under the applicable law. *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

## ANALYSIS

This Court has original jurisdiction over "any express or implied contract with the United States" pursuant to 28 U.S.C. § 1346(a)(2), and the Plaintiff alleges that the Secretary of HUD "fail[ed] to deliver full home ownership . . . in direct breach of the terms of agreement of sale." (Second Amend. Compl. ¶ 10.)[1] Supplemental jurisdiction is appropriate, pursuant to 28 U.S.C. § 1367, over the Plaintiff's state law claim to quiet title against Defendant NASA Leasing.

Defendant NASA Leasing moves for summary judgment on the grounds that it received a valid Tax Deed to 806 N. Grant, which it claims is prima facie evidence of its fee simple title in that property, and thus a one-half interest in the Plaintiff's home. The Plaintiff challenges Defendant NASA Leasing's claim to a one-half interest by questioning the Tax Deed's validity on the grounds that (1) the Plaintiff was not given constitutionally adequate notice of the Defendant's claim, (2) the 806 N. Grant property was not subject to or assessed for the same

---

[1] The Plaintiff expressly limits his claim against the Secretary of HUD not to exceed $10,000. (Second Amend. Compl. at 1.)

taxes as the 804 N. Grant property, and (3) the Tax Deed failed to describe the property with reasonable certainty.

A.  **Indiana's Tax Deed Regime**

"A purchaser at a tax sale receives a tax certificate evidencing a lien against the property for the entire amount paid. The lien is superior to all other liens which exist at the time the certificate is issued." *Calhoun v. Jennings*, 512 N.E.2d 178, 181 (Ind. 1987) (citing Ind. Code § 6-1.1-24-9). Pursuant to the Indiana Code, "[a] tax deed . . . vests in the grantee an estate in fee simple absolute, free and clear of all liens and encumbrances created or suffered before or after the tax sale except those liens granted priority under federal law, and the lien of the state or a political subdivision for taxes and special assessments that accrue subsequent to the sale." Ind. Code. § 6-1.1-25-4.6(k). "However, the estate is subject to all easements, covenants, declarations, and other deed restrictions and laws governing land use, including all zoning restrictions and liens and encumbrances created or suffered by the purchaser at the tax sale." *Id.* The tax deed is prima facie evidence of "(1) the regularity of the sale of the real property described in the deed; (2) the regularity of all proper proceedings; and (3) valid title in fee simple in the grantee of the deed." *Id.*

There are certain prescribed ways for a party to defeat another's claim to title conveyed by a tax deed. *See* Ind. Code § 6-1.1-25-16. Specifically, a party may successfully challenge another's claim to title via tax deed only if:

> (1) the tract or real property described in the deed was not subject to the taxes for which it was sold; (2) the delinquent taxes or special assessments for which the tract or real property was sold were paid before the sale; (3) the tract or real property was not assessed for the taxes and special assessments for which it was sold; (4) the tract or real property was redeemed before the expiration of the period of redemption . . . ; (5) the proper county officers issued a certificate, within the time limited by law for paying taxes or for redeeming the tract or real

5

property, which states either that no taxes were due at the time the sale was made or that the tract or real property was not subject to taxation; (6) the description of the tract or real property was so imperfect as to fail to describe it with reasonable certainty; or (7) the notices required . . . were not in substantial compliance with the manner prescribed [under relevant Indiana Code sections].

*Id.* Here, Defendant NASA Leasing offered evidence in its Motion that it was the grantee of a Tax Deed for 806 N. Grant received on September 2, 2010, which was duly recorded with the Office of the Recorder of Lake County, Indiana on October 25, 2010. (Def.'s Mot. Summ. J. Ex. A.) Under Indiana law, this is prima facie evidence that Defendant NASA Leasing holds "valid title in fee simple," as well as evidence of the regularity of the "sale of the property" and "all proper proceedings." Ind. Code. § 6-1.1-25-4.6(k). Accordingly, the burden shifts to the Plaintiff to present evidence sufficient to rebut the Tax Deed's validity.

**B.     Adequate Notice of the Tax Sale**

As a preliminary matter, Defendant NASA Leasing challenges the Plaintiff's ability to contest the Tax Deed at all. A tax deed issued pursuant to section 6-1.1-25-4.6 "is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." Ind. Code § 6-1.1-25-4.6. An exception exists to this time limitation where the contesting party alleges that the tax deed "is void due to constitutionally inadequate notice." *Edwards v. Neace*, 898 N.E.2d 343, 348 (Ind. Ct. App. 2008) (citing *Diversified Invs., LLC v. U.S. Bank, NA*, 838 N.E.2d 536, 544 (Ind. Ct. App. 2006). Such a claim[2] "must be brought within a reasonable time rather than within sixty days." *Id.* The determination of what constitutes a reasonable time varies with the circumstances of each

---

[2] Indiana courts have held that this type of claim may be brought under Trial Rule 60(B)— Indiana's analogue to the Federal Rule of Civil Procedure 60(b) motion for relief from judgment—or in an independent action. *Edwards*, 898 N.E.2d at 348. The Plaintiff's original filing in state court did not specify either avenue for its claim to quiet title, but Indiana courts have construed complaints for quiet title as Trial Rule 60(B) motions. *See Gupta v. Busan*, 5 N.E.3d 413, 416 (Ind. Ct. App. 2014).

case. *Kessen v. Graft*, 694 N.E.2d 317, 321 (Ind. Ct. App. 1998); *see also Standard Lumber Co. of St. John, Inc. v. Josevski,* 706 N.E.2d 1092, 1096 (Ind. Ct. App. 1999) (citing *Fairrow v. Fairrow*, 559 N.E.2d 597, 599–600 (Ind. 1990) (finding eleven-year delay in filing motion reasonable)). Prejudice to the party opposing the motion and the basis for the moving party's delay are relevant to the question of timeliness. *Id.*

The United States Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), that a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" prior to taking steps that will impact a party's interest in life, liberty, or property. *Id.* at 314. Specific notice requirements govern the receipt of a tax deed under Indiana law, *see* Ind. Code. § 6-1.1-25-4.5(c)–(d), and compliance with those requirements is sufficient to satisfy due process, *Diversified Invs., LLC*, 838 N.E.2d at 543–44. The purchaser at a tax sale must give notice of the sale to "the owner of record at the time of the sale of the property," or "any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest." Ind. Code. § 6-1.1-25-4.5(d)(1)–(2). A court's determination of whether notice "substantially complied" with the statutory requirements "is a determination based on the facts and circumstances of the case and is a question of fact." *First Am. Title Ins. Co. v. Calhoun*, 13 N.E.3d 423, 433 (Ind. Ct. App. 2014) (citing *In re Sale of Real Prop. with Delinquent Taxes or Special Assessments*, 822 N.E.2d 1063, 1074 (Ind. Ct. App. 2005)).

In this case, Defendant NASA Leasing sent notice via certified mail to the Secretary of HUD on January 23, 2010. (Pl.'s Resp. Ex. J.) In addition, notice via publication was effected on May 4, 2010. (Def.'s Reply Ex. C.) The Plaintiff argues notice via certified mail was not "reasonably calculated, under all the circumstances" to notify the Secretary as to the true nature

7

of the proceedings because it did not state that the tax sale involved a taking of the improved land at 804 N. Grant. (Pl.'s Resp. 8–9, ECF No. 109-13.) The Defendant disputes this argument and further argues that the Defendant satisfied the statutory requirements by providing notice to the owner of record and any person with a substantial property interest *at the time of the sale*. (Def.'s Reply 6–7 (emphasis added).)

It is unclear that Defendant NASA Leasing's notice via certified mail meets the standard articulated in *Mullane*. Before the Plaintiff became the owner of 804 N. Grant, the Secretary of HUD was its owner. Thus, for Defendant NASA Leasing to later assert that it owned a one-half interest in the home located on 804 N. Grant, it would have needed to provide notice to the Secretary in the letter. But the only parcel referenced in the notice sent to the Secretary was to 806 N. Grant. (Pl.'s Resp. Ex. J.) The Court does not find that this is notice "reasonably calculated, under all the circumstances" to notify the Secretary that Defendant NASA Leasing had obtained a one-half interest in the improved real estate located on 804 N. Grant.

Even assuming that the certified mail meets the standard articulated in *Mullane*, there is insufficient evidence to find compliance with the requirements of section 6-1.1-25-4.5. Defendant NASA Leasing argues that the Indiana Code's notice provision only requires notice to the person who is the "owner of record" or "any person with a substantial property interest" "at the time of the sale." Ind. Code § 6-1.1-25-4.5(d)(1)–(2). However, the phrase "at the time of the sale" only modifies the phrase "owner of record," and thus "any person with a substantial property interest" need only have that interest at the time the notice is sent. *Id.* There is no evidence showing that the Plaintiff had a "substantial property interest of public record" in 804 N. Grant on January 23, 2010, as closing occurred nearly two weeks later on February 2, 2010,

so the Plaintiff was not entitled to mailed notice.[3] The Secretary of HUD was the owner of record of 804 N. Grant at the time of the tax sale of 806 N. Grant, and thus entitled to notice. However, the mailing failed to apprise the Secretary that there was potential for a taking of 804 N. Grant because of the tax sale of 806 N. Grant, which suggests constitutionally deficient notice.[4]

In sum, the Court finds genuine issues of fact as to whether the Plaintiff received constitutionally adequate notice. Additionally, Indiana courts have found delays of greater than three-years before bringing legal challenges to be "within a reasonable time." *See Standard Lumber Co.*, 706 N.E.2d at 1096. Accordingly, the Plaintiff is entitled to contest the validity of Defendant NASA Leasing's Tax Deed in this proceeding.

**C.       Taxes, Assessments, and Consolidation of the Properties**

The Plaintiff challenges Defendant NASA Leasing's Tax Deed on the basis of the taxes for which it was sold and the taxes for which it was assessed. In addition, the Plaintiff claims that the 806 N. Grant property should not have been sold because the assessing officials were required to consolidate the 806 N. Grant parcel with the 804 N. Grant parcel. Under the Indiana Code, an "assessing official shall consolidate more than one (1) existing contiguous parcel into a single parcel if the assessing official has knowledge that an improvement to the real property is located on or otherwise significantly affects the parcels." Ind. Code § 6-1.1-5-16.

In support of his argument, the Plaintiff points to the inconsistencies in the files of various Lake County local government offices. Both the County Assessor and County Auditor

---

[3] Neither party argues that the Plaintiff being in escrow or negotiating with a government agency for the sale, which preceded the closing on February 2, 2010, would qualify as a "public record" for purposes of notice under section 6-1.1-25-4.5(d).

[4] Finally, if only notice by publication was required, the evidence shows that Defendant NASA Leasing again failed to comply with the statute. Section 6-1.1-25-4.5(d) specifies that notice by publication be given "once each week for three (3) consecutive weeks," but the evidence shows that Defendant NASA Leasing only published notice once for the week of May 4, 2010. (Def.'s Reply Ex. C.)

assessed 806 N. Grant only as land, not as land with improvements (Pl.'s Resp. Exs. C–D), but the County Surveyor determined, based on GIS maps, that 806 N. Grant included improvements to the land (Pl.'s Resp. Exs. F, I, ECF Nos. 109-8, 109-11). Defendant NASA Leasing offers no evidence in rebuttal, claiming instead that the Plaintiff's proffered evidence does not preclude summary judgment. The Court finds that the inconsistencies between these government records support two reasonable inferences.

The first inference arises from the County Surveyor's determination that 806 N. Grant had an improvement: 806 N. Grant should have been assessed for the improvement on the land, meaning that the taxes for which 806 N. Grant was sold should have been greater. Such evidence calls into question the Tax Deed's validity as it was not sold for the correct amount. *See* Ind. Code § 6-1.1-25-16(1)–(3).

The second inference is that the assessing official (whomever that was) should have consolidated the two parcels, as those government records provided that official with notice of the home improvement on both 804 N. Grant and 806 N. Grant. Indiana law recognizes "actual notice" and "constructive notice." *Wienke v. Lynch*, 407 N.E.2d 280, 286 (Ind. Ct. App. 1980) (citations and quotation marks omitted). Actual notice is when information "has been directly and personally given to the person to be notified," whereas constructive notice "is a legal inference from established facts." *Id.* Here, the evidence does not show any assessing official had actual knowledge of the home improvement located on 804 N. Grant, but it does raise an issue of fact as to whether an assessing official had constructive knowledge. Based upon proffered GIS maps and assessments, it would be reasonable to expect an assessing official to know that there was a home partially on both the 804 N. Grant and 806 N. Grant parcels, and to thus be required under state law to consolidate the two parcels. Ind. Code § 6-1.1-5-16.

Accordingly, the Court finds that the evidence the Plaintiff presented raises questions as to the Tax Deed's validity, which renders summary judgment inappropriate at this time.

D.      **Failure to Describe the Property with Reasonable Certainty**

The Plaintiff also challenges Defendant NASA Leasing's Tax Deed on the basis that it failed to describe the property with reasonable certainty. The Plaintiff relies on the same evidence discussed previously to argue that, if Defendant NASA Leasing's position is correct, then the written Tax Deed should have stated a one-half interest in the home on 804 N. Grant. The Court finds that such an argument fails because there is no rule under Indiana law that says if there is some confusion over the boundaries of a parcel, then that parcel is not described with reasonable certainty. All that Indiana law requires for reasonable certainty is the "name of the subdivision" and "a description of the property, including the number of acres, contained in a deed, mortgage, will, or other public record . . . ." *Nieto v. Kezy*, 846 N.E.2d 327, 339–40 (Ind. Ct. App. 2006) (internal quotation marks omitted). In the analogous context of the Statute of Frauds, this requirement of reasonable certainty need not "be sufficient to identify the land, but only . . . furnish[] the means of identification." *Blake v. Hosford*, 387 N.E.2d 1335, 1340 (Ind. Ct. App. 1979) (citing *Dowd v. Andrews*, 134 N.E. 294, 296 (1922)). In *Nieto*, the redemption notice was reasonably certain even though it gave only the legal description "26–36–0244–0029 E.90FT L23 BL 4 E.90FT L24 BL.4" with no other identifying information. Here, the Tax Deed included not only a legal description but the commonly known address "806 N. Grant," as well. Accordingly, the Court finds that the Tax Deed describes the property with reasonable certainty.

**CONCLUSION**

For the aforementioned reasons, the Court **DENIES** Defendant NASA Leasing's Motion for Summary Judgment [ECF No. 100].

SO ORDERED on November 18, 2016.

                                                     s/ Theresa L. Springmann
                                                    THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT
                                                    FORT WAYNE DIVISION